REQUESTED BY: William J. Edwards, Deputy Director Department of Motor Vehicles.
Can a truck-tractor semi-trailer bearing a farm registration from a state such as Colorado be operated into or through the State of Nebraska, and if so, what permits or licenses would be requested by the State of Nebraska for this Colorado Unit?
Under the concept of mirror reciprocity, a truck-trailer bearing a farm registration from Colorado may be operated in Nebraska. The non-resident vehicle owner would pay license and permit fees of whatever character and to the same extent as Nebraska residents pay when operating vehicles in Colorado pursuant to Section 60-305.02.
Section 60-305.02, R.R.S. 1943, provides that nonresident vehicle owners must pay license and permit fees of whatever character and to the same extent as Nebraska residents pay when operating vehicles in the foreign state. The amount levied by Nebraska on non-resident owners is determined by and equal to the amount assessed against Nebraska owners in that same jurisdiction. This is the concept of mirror reciprocity. The aforementioned section also provides that fees need not be levied when the foreign jurisdiction grants reciprocity similar to the reciprocity extended by the laws of Nebraska.
Section 60-305.03(2), R.R.S. 1943, allows the Director of Motor vehicles to enter into formal reciprocal agreements with sister states. Section 60-305.03(3), R.R.S. 1943, allows the Director to informally extend reciprocity to nonresident owners if he determines that the vehicle is properly registered in the foreign state and similar benefits and exemptions are extended to Nebraskans in the foreign state.
This issue has arisen because Colorado allows truck-tractor semi-trailers to be licensed as farm vehicles. In contrast, Nebraska requires the same vehicle to be licensed as a commercial vehicle. This amounts to a non-reciprocal vehicle classificatory system.
The spirit of reciprocity dictates that Nebraska refrain from assessing additional commercial license and permit fees against a foreign vehicle properly registered under a sister state's vehicle classification system. Were Nebraska to do otherwise it would only encourage Colorado in assessing farm license fees against similarly situated Nebraska residents traveling through Colorado with commercial plates on truck-tractor semi-trailers. Any jurisdiction with mirror reciprocity statutes similar to section 60-305.02 would have little choice but to assess those fees.
The purpose of reciprocity statute is to facilitate the free flow of interstate commerce. The purpose of registration and permit fees is primarily revenue raising. Nebraska should not concern itself with Colorado's determination that farmers with semi-trailers deserve a break on these fees since revenue raising is essentially an internal affair. To assess an additional amount to certain Coloradoans in Nebraska because their state has assessed a lesser amount than Nebraska does for the same vehicle, might invite retaliation from Colorado. Assuming Nebraska levies these fees, it is perfectly feasible that both Colorado and Nebraska could begin to assess the balance of disparate fees charged for registering commercial vehicles in Nebraska and Colorado.
In conclusion, while there is no clear answer to your question, reciprocity as evidenced in sections 60-305.02 and 60-305.03, should reign. If Nebraska farmers desire the same classification as Colorado, their If the Legislature desires additional It the Legislature desires additional revenue on these vehicles it may evidence its intent by statute.